**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELL OFFSHORE, INC., a Delaware corporation; SHELL GULF OF MEXICO, INC., a Delaware corporation, | No. 12-35332 |
| *Plaintiffs-Appellees*, | DC No. 3:12-cv-00042-SLG |
| v. | |
| GREENPEACE, INC., a California corporation, | ORDER |
| *Defendant-Appellant*. | |

Filed July 10, 2013

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima and Milan D. Smith, Jr. Circuit Judges.

Order;
Dissent by Judge Gould

# SUMMARY[*]

## Maritime Law / Preliminary Injunction

On behalf of the court, the panel filed an order denying a petition for rehearing en banc, with Judge M. Smith voting to grant the petition.

The order denying rehearing en banc followed the panel's opinion affirming a preliminary injunction that prohibited Greenpeace USA from coming within a specified distance of vessels involved in an oil company's exploration of its Arctic Outer Continental Shelf leases and from committing various unlawful and tortious acts against those vessels.

Dissenting from the denial of rehearing en banc, Judge Gould, joined by Judges Pregerson, Reinhardt, Wardlaw, W. Fletcher and M. Smith, wrote that a party should not be enjoined because of its association with other entities, nor because it endorsed or claimed affinity with "activist" operations of other entities.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

Chief Judge Kozinski votes to deny the petition for rehearing en banc and Judge Tashima so recommends. Judge Smith votes to grant the petition for rehearing en banc. The full court was advised of the petition for rehearing en banc, and a judge of the court called for a vote on whether to rehear the matter en banc. The majority of the nonrecused active judges[1] failed to vote in favor of en banc rehearing.

The petition for rehearing en banc is denied.

---

GOULD, Circuit Judge, joined by PREGERSON, REINHARDT, WARDLAW, W. FLETCHER, and M. SMITH, Circuit Judges, dissenting from denial of rehearing en banc:

In my view the dissent of Judge M. Smith has the better position as contrasted with the majority opinion. This case should have been reviewed en banc because the majority opinion offends important principles that transcend the case: (1) A party should not be enjoined because of its association with other entities; and (2) A party should not be enjoined because it, with what I would have previously thought was free speech, endorsed or claimed affinity with "activist" operations of other entities.

The majority opinion upholds a preliminary injunction against Greenpeace USA based in significant part on acts

---

[1] Judges O'Scannlain, Graber, and Christen were recused and did not participate.

committed by legally separate Greenpeace entities. In doing so, the decision disregards corporate norms of limited liability and relies on a guilt-by-association model that offends justice.

The panel majority dismissed Greenpeace USA's separate legal status as irrelevant to its review of the preliminary injunction, explaining that legal status is relevant only for decisions on the merits. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1289 n.7 (9th Cir. 2013). I disagree. "Limited liability is the rule, not the exception." *First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 626 (1983) (quoting *Anderson v. Abbott*, 321 U.S. 349, 362 (1944)). There is no reason that rule is any more applicable at the merits stage than during review of the propriety of a preliminary injunction.

Moreover, under the preliminary-injunction analysis established by the Supreme Court in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008), we must consider the likelihood of success on the merits of the underlying action to determine whether an injunction is appropriate. To determine the likelihood of success on the merits of Shell's claims, the majority should have considered whether Greenpeace USA can be held accountable for the acts of legally separate organizations by merely endorsing or supporting those acts. The panel majority did not do that, and, instead, assumed Greenpeace USA's guilt based on its association with and stated support for these other Greenpeace entities. We should be wary of such an assumption not only because it violates corporate norms on which modern commerce is based, but because it violates the bedrock principle that an individual should not be held accountable for the actions of his or her associates.

The Supreme Court has cautioned against imposing legal sanctions based on statements that endorse or advocate for illegal activity because it is "alien to the traditions of a free society and the First Amendment itself." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 932 (1982); *see also Healy v. James*, 408 U.S. 169, 186 (1972) ("Guilt by association alone, without (establishing) that an individual's association poses the threat feared . . . is an impermissible basis upon which to deny First Amendment rights." (quotations omitted)). The First Amendment concern here is not whether the injunction is an undue restriction against Greenpeace USA's right to protest and monitor Shell's vessels at sea. *See Shell Offshore, Inc.*, 709 F.3d at 1291. It is that the majority's opinion imposes legal sanctions based on Greenpeace USA's statements that at most "mere[ly] advocate[d] the use of force or violence," *Claiborne Hardware Co.*, 458 U.S. at 927, or "endorsed" the violent acts of others, *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1072 (9th Cir. 2002) (en banc). These statements of support are protected speech and should not have been a basis for enjoining Greenpeace USA. *See Claiborne Hardware Co.*, 458 U.S. at 928 (appeals to violence that do not in fact incite lawless action are protected speech). The panel majority's contrary conclusion will undermine the freedom of an organization to "stimulate [its] audience with spontaneous and emotional appeals for unity and action in a common cause." *Id*.

I would prefer to see our opinions give organizations like Greenpeace USA the breathing space to let their fortunes rise or fall based on their conduct, not on their association with

others and not on their free speech endorsement of others.  I regret that we take another course that is contrary to what is or should be our law.

I respectfully dissent.